UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAMIEN DWAYNE OLIVE,

        Petitioner,

  vs.

STU SHERMAN,

        Respondent.

No. C 15-3951 NJV (PR)

**ORDER DISMISSING CASE AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner proceeds with a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered petitioner to show cause why the case should not be dismissed as unexhausted. Petitioner has not filed a response.

## BACKGROUND

A jury found petitioner guilty of first degree residential burglary and he was sentenced to nine years in state prison.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Analysis**

Before he may challenge either the fact or length of his confinement in a habeas petition in this court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.*

A fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

It appeared that petitioner had presented a fully unexhausted petition. He stated that he filed an appeal with the California Court of Appeal where his conviction was affirmed, but he did not file a petition with the California Supreme Court. Petition at 3. A review of the California Supreme Court docket did not indicate any petitions filed by petitioner. Petitioner was ordered to show cause why the case should not be dismissed as unexhausted. Petitioner has not filed a response addressing these issues, therefore the

petition is dismissed as unexhausted.

## CONCLUSION

The petition is **DISMISSED** without prejudice. Petitioner may file a new petition once the claims have been exhausted. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 27, 2015.

NANDOR J. VADAS
United States Magistrate Judge